213 N.W.2d 652 (1973)
STATE of Iowa, Appellee,
v.
Edward J. WEDELSTEDT et al., Appellants.
No. 1-56081.
Supreme Court of Iowa.
December 19, 1973.
Donald M. Reno, Jr., Champaign, Ill., and David D. Mitchell, Cedar Rapids, for appellants.
Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and David Dutton, County Atty., for appellee.
Heard en banc.
MOORE, Chief Justice.
Defendants-appellants seek reversal of their lower court convictions for violation of Code section 725.3, an obscenity statute, first enacted in 1909. They assert the statute is unconstitutional due to vagueness and overbreadth. We agree.
As pertinent here section 725.3 provides:
"Any person who, as owner, manager, director, or agent, or in any other capacity, prepares, advertises, gives presents, or participates in any obscene, indecent immoral, or impure drama, play, exhibition, show, or entertainment, which would tend to the corruption of the morals *653 of youth or others, * * * shall be guilty of a misdemeanor * * *."
I. On May 8, 1972 Cedar Falls police detective, L. W. Young, filed a search warrant application in the Cedar Falls Municipal Court. In addition to Young's evidence the testimony of James Workman, age 17, was taken before Muncipal Judge Eastman. Workman stated he had viewed a film in an identified coin-operated machine at the Danish Book World, 1828 Waterloo Road, Cedar Falls, Iowa and that it showed a girl committing acts of sodomy on two males and also showed the girl reading a dirty magazine while masturbating. The Judge issued the requested search warrant for the specific film viewed by Workman. The search warrant was immediately executed and the film seized from the identified machine.
On May 12, 1972, after notice to the proper parties, a hearing was held to determine if the film should be forfeited as obscene material. At that hearing Judge Eastman viewed it. The Judge found the film to be obscene and ordered forfeiture. He provided the film be held as evidence. Defendant Edward J. Wedelstedt, manager, defendants, David A Cory and Wayne Davis, employees, of Danish Book World, in the search warrant proceeding and subsequent criminal case, contended the film seizure was illegal and unconstitutional because there was no adversary hearing prior to the seizure. They jointly raise that issue by proper assignment of error on this appeal. We first consider that assignment.
Heller v. New York, 413 U.S. 433, 93 S.Ct. 2789, 37 L.Ed.2d 745, decided June 25, 1973, is dispositive of the constitutional question here raised. The Supreme Court stated:
"* * * This Court has never held, or even implied, that there is an absolute First or Fourteenth Amendment right to a prior adversary hearing applicable to all cases where allegedly obscene material is seized. See Times Film Corp. v. Chicago, 365 U.S. 43, 81 S.Ct. 391, 5 L. Ed.2d 403 (1961); Kingsley Books, Inc. v. Brown, 354 U.S. 436, 440-442, 77 S.Ct. 1325, 1 L.Ed.2d 1469, (1957). In particular, there is no such absolute right where allegedly obscene material is seized, pursuant to a warrant, to preserve the material as evidence in a criminal prosecution. * * *." (413 U.S. at 433, 93 S.Ct. at 2792, 37 L.Ed.2d at 751).
"[S]eizing films to destroy them or to block their distribution or exhibition is a very different matter from seizing a single copy of a film for the bona fide purpose of preserving it as evidence in a criminal proceeding, particularly where, as here, there is no showing or pretrial claim that the seizure of the copy prevented continuing exhibition of the film. If such a seizure is pursuant to a warrant, issued after a determination of probable cause by a neutral magistrate, and, following the seizure, a prompt judicial determination of the obscenity issue in an adversary proceeding is available at the request of any interested party, the seizure is constitutionally permissible. In addition, on a showing to the trial court that other copies of the film are not available to the exhibitor, the court should permit the seized film to be copied so that showing can be continued pending a judicial determination of the obscenity issue in an adversary proceeding. Otherwise, the film must be returned." (413 U.S. at 435, 93 S.Ct. at 2794-95, 37 L.Ed.2d at 754).
Regarding the question of determination of probable cause for issuance of a search warrant in State v. Spier, Iowa, 173 N.W. 2d 854, 859, we say:
"Thus a magistrate is required to make an objective determination of the factual situation presented to him on oath or affirmation, mere subjective findings or conclusions of an applicant-officer being insufficient and of no probative value. See Beck v. Ohio, supra, at *654 379 U.S. [89] 97, 85 S.Ct. [223] 229 [13 L.Ed.2d 142]."
In this case the neutral magistrate did not issue the search warrant based on probable cause until after taking the evidence of Workman in addition to that of officer Young.
Under the record, the holding in Heller v. New York, supra, renders untenable defendants' contention the film seizure was illegal and unconstitutional.
II. On May 9, 1972, preliminary informations were filed charging Wedelstedt, Cory and Davis with violation of Code section 725.3. County attorney's true informations were filed against each of the three men on June 27, 1972. At defendants' request the three cases were consolidated. After adverse rulings on their joint motions to quash the search warrant and to suppress evidence, defendants were allowed to withdraw their former not guilty pleas and file a joint demurrer. They therein asserted the statute violates both their First (free speech and press) and Fourteenth (due process) Amendment rights under the Constitution of the United States. They attacked section 725.3 as unconstitutionally vague and overbroad.
The constitutionality of a statute under which a party is charged with a crime may be raised by demurrer. State v. Ramos, 260 Iowa 590, 597, 149 N.W.2d 862, 866; Chicago & N. W. Ry. Co. v. Fachman, 255 Iowa 989, 992, 993, 125 N.W.2d 210, 212.
The demurrer was overruled as to each ground thereof. Defendants refused to enter pleas thereafter but chose to stand on their demurrer. Pursuant to Code section 777.10 the trial court found judgment should be entered against them. Defendants requested immediate sentencing. Wedelstedt was sentenced to six months in the county jail and finded $1000. Cory and Davis were each fined $500. At their request defendants' appeals have been consolidated.
The constitutionality of section 725.3 is for the first time being challenged in this court. However, during the last two decades the United States Supreme Court in many decisions involving similar state obscenity statutes have declared them unconstitutional in violation of the First and Fourteenth Amendments. The vexing problems involved are clearly demonstrated by the lack of uniformity of opinions by the members of the court.
During the last fifteen years the Supreme Court failed to file a clear majority holding until the lead case of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed. 2d 419, and companion cases of Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446; Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed. 2d 492; United States v. 12 200-Ft. Reels, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500; and United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 512, all decided June 21, 1973. By five to four holdings on June 21, the court arrived at standards for testing the constitutionality of state legislation regulating obscenity.
Citation and discussion of pre-Miller opinions are found therein. See also Annot., 5 A.L.R.3d 1158, Modern Concept of Obscenity, and 21 Drake L.Rev. 314, (January 1972), The Status of Iowa's Obscenity Laws. Repetition here would unduly lengthen this opinion.
We are bound by the latest pronouncements of the Supreme Court bearing on First and Fourteenth Amendment rights. We therefore quote extensively from Miller:
"This much has been categorically settled by the Court, that obscene material is unprotected by the First Amendment. Kois v. Wisconsin, 408 U.S. 229, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972). United States v. Reidel, 402 U.S. 351, 354, 91 S. Ct. 1410, 28 L.Ed.2d 813 (1971). Roth v. United States, 354 U.S. 476, 485, 77 *655 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). `The First and Fourteenth Amendments have never been treated as absolutes [footnote omitted].' Breard v. Alexandria, supra, 341 U.S. 622, at 642, 71 S.Ct. 920, 95 L. Ed. 1233, 35 A.L.R.2d 335 (1951), and case cited. See Times Film Corp. v. Chicago, 365 U.S. 43, 47-50, 81 S.Ct. 391, 5 L. Ed.2d 403 (1961); Joseph Burstyn, Inc. v. Wilson, supra, 343 U.S. [495] at 502, 72 S.Ct. 777, 96 L.Ed. 1098 (1952). We acknowledge, however, the inherent dangers of undertaking to regulate any form of expression. State statutes designed to regulate obscene materials must be carefully limited. See Interstate Circuit, Inc. v. Dallas, supra, 390 U.S., 676, at 682-685, 88 S.Ct. 1298, 20 L.Ed. 2d 225 (1968). As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.
"The basic guidelines for the trier of fact must be: (a) whether `the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, Kois v. Wisconsin, supra, 408 U.S., at 230, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972), quoting Roth v. United States, supra, 354 U.S., at 489, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. We do not adopt as a constitutional standard the `utterly without redeeming social value' test of Memoirs v. Massachusetts, supra, 383 U.S., [413] at 419, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); that concept has never commanded the adherence of more than three Justices at one time. [413 U.S. at 20-23, 93 S.Ct. at 2613-2614, 37 L.Ed.2d at 429.] If a state law that regulates obscene material is thus limited, as written or construed, the First Amendment values applicable to the States through the Fourteenth Amendment are adequately protected by the ultimate power of appellate courts to conduct an independent review of constitutional claims when necessary. See Kois v. Wisconsin, supra, 408 U.S., at 232, 92 S. Ct. 2245, 33 L.Ed.2d 312 (1972); Memoirs v. Massachusetts, supra, 383 U.S. at 459-460, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966) (Harlan, J., dissenting); Jacobellis v. Ohio, 378 U.S. 184, 204, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) (Harlan, J., dissenting); New York Times Co. v. Sullivan, 376 U.S. 254, 284-285, 84 S. Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964); Roth v. United States, supra, 354 U.S., at 497-498, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) (Harlan, J., concurring and dissenting).
"We emphasize that it is not our function to propose regulatory schemes for the States. That must await their concrete legislative efforts. It is possible, however, to give a few plain examples of what a state statute could define for regulation under the second part (b) of the standard announced in this opinion, supra:
"(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.
"(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals." 413 U.S., at 23-25, 93 S.Ct. at 2614-2615, 37 L.Ed.2d at 430, 431.
With these pronouncements in mind we consider defendants' attack on Code section *656 725.3 as being unconstitutionally vague and overbroad.
Vagueness and overbreath are two separate matters although closely related. In Zwickler v. Koota, 389 U.S. 241, 249-250, 88 S.Ct. 391, 396, 19 L.Ed.2d 444, 451, the court distinguishes one from the other:
"* * * Appellant's challenge is not that the statute is void for `vagueness,' that is, that it is a statute `which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. . . .' Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322, 328. Rather his constitutional attack is that the statute, although lacking neither clarity nor precision, is void for `overbreadth,' that is, that it offends the constitutional principle that `a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. * * *.'"
For our most recent definition of overbreadth see State v. Farrell, Iowa, 209 N.W.2d 103, 108.
All authorities agree that a statute which is vague and overbroad within the above definitions is unconstitutional. The State makes no contention otherwise.
III. We first consider the vagueness issue as raised by defendants. They were charged with participating in the exhibition of an "obscene" film which tended to corrupt the morals of youth.
"Obscene" as used in section 725.3 is not specifically defined as required by Miller. The statute fails to give fair notice to the average person of what is prohibited. It has not been authoritatively construed and as we point out, infra, we must decline to do so. We therefore hold the statute is unconstitutionally vague.
IV. We also hold section 725.3 is unconstitutionally overbroad. It is in direct conflict with the basic guideline established in Miller: "(a) whether `the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest." (Our emphasis). The provision in section 725.3, "which shall tend to the corruption of the morals of youth or others" is overbroad. It limits the free speech and press rights of all persons to matters which may tend to corrupt youth or othersperhaps the most susceptible person. A similar statute was declared unconstitutional in Butler v. Michigan, 352 U.S. 380, 77 S.Ct. 524, 1 L.Ed.2d 412.
V. The State virtually admits in argument the statute is vague and overbroad. It is urged we construe the statute to include perhaps the suggested specific examples stated in Miller to eliminate vagueness and to somehow adopt the average-person criterion.
This would require adding to and striking legislative provisions of the statute. Well-established rules of statutory construction prohibit our doing so. No court under the guise of construction may extend, enlarge, or otherwise change the terms and meaning of a statute. State v. Prybil, Iowa, 211 N.W.2d 308, 311; Northern Natural Gas Company v. Forst, Iowa, 205 N.W.2d 692, 696; Maguire v. Fulton, Iowa, 179 N.W.2d 508, 510; Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431, 433; 82 C.J.S. Statutes § 312.
It is not our function to rewrite the statute. Snook v. Herrmann, Iowa, 161 N.W. 2d 185, 190. In Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 122, 137 N.W.2d 900, 905, we say:
"If changes in the law are desirable from a policy, administrative, or practical standpoint, it is for the legislature to *657 enact them, not for the court to incorporate them by interpretation."
The proper forum for the difficult task of reconstructing Code section 725.3 and our other obscenity statutes is the legislature. Present and future public policy is involved. Modern enlightened legislation is needed. Obscenity is a complex and difficult socio-legal problem.
As pointed out in Miller: "State statutes designed to regulate obscene materials must be carefully limited." 413 U.S. 23, 93 S.Ct. at 2614, 37 L.Ed.2d at 430. To pass constitutional muster the general guidelines of Miller must be followed.
The judgment entered against each defendant herein is reversed.
Reversed.
All Justices concur.