No. 73–354. LITTLE ART CORP., DBA ART 16 THEATRE v. NEBRASKA. Sup. Ct. Neb. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted on charges of circulating and publishing allegedly obscene motion pictures in violation of § 28–921 of the Nebraska Revised Statutes (Supp. 1972), which provides as follows:

"Whoever knowingly sells or offers for sale, or gives to another, or otherwise circulates or publishes or

causes to be circulated or published, or has in his possession with intent to sell, loan, or give to another, or to otherwise circulate or publish or cause to be circulated or published, any obscene, lewd, indecent, or lascivious book, pamphlet, paper, movie films, drawing, lithograph, engraving, picture, photograph, model, cast, or any instrument or article of obscene, lewd, indecent or lascivious use, or advertises the same for sale, or writes or prints any letter, circular, handbill, card, book, pamphlet, advertisement, or notice of any kind, giving information, directly or indirectly, when, where, how, or by what means any of the articles or things hereinbefore mentioned can be purchased or otherwise obtained or made, shall, upon conviction thereof, be punished by a fine of not more than one thousand dollars nor less than fifty dollars, or by imprisonment in the county jail not more than one year, or both . . . ."

The "standard for judging obscenity" in prosecutions brought under § 28–921, set out in § 28–926.07 (1964), is

"whether to the average person the dominant theme of said material or conduct which is at issue in such . . . criminal proceedings, taken as a whole, appeals to the prurient interest, which is to excite lustful thoughts, or a shameful or morbid interest in nudity, sex, or excretion which goes substantially beyond the customary limits of candor."

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (dissent-

ing opinion). It is clear that, tested by that constitutional standard, § 28–921 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Supreme Court of Nebraska, and remand for further proceedings not inconsistent with my dissent in *Paris Adult Theatre I.* In that circumstance, I have no occasion to consider whether the questions presented in the petition merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).