STATE of Iowa, Appellant,

v.

Dale LAVIN et al., Appellees.

No. 56660.

Supreme Court of Iowa.

May 22, 1974.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, Co. Atty., for appellant.

David D. Mitchell, Cedar Rapids, and

Donald M. Reno, Jr., Champaign, Ill., for appellees.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

PER CURIAM:

The State appeals from a district court judgment sustaining defendants' demurrer to an information charging defendants with the sale of obscene literature in violation of § 725.5, The Code. We affirm.

This is the second time this case has been in our court. In State v. Lavin, 204 N.W.2d 844 (Iowa 1973), we reversed without prejudice the convictions of defendants Dale Lavin and Edward J. Wedelstedt on the ground that the county attorney's information charging those defendants with a violation of § 725.5 failed to allege the necessary element of scienter. Subsequently, amended informations were filed March 23, 1973, against defendants Lavin, Edward J. Wedelstedt and one Michael Anderson. These informations, along with original informations filed March 1, 1973, against defendants Gary Wayne Cahill and Edward Wedelstedt, were consolidated into one case. On March 29, 1973, the defendants filed a demurrer which was not ruled upon. On June 21, 1973, the United States Supreme Court decided Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), which set forth new guidelines which obscenity statutes must follow to avoid being unconstitutionally vague and overbroad. Defendants then filed a supplemental demurrer July 10, 1973, alleging § 725.5, The Code, to be unconstitutionally vague under the *Miller* guidelines. The trial court judge sustained defendants' supplemental demurrer.

■ In view of State v. Kueny, 215 N. W.2d 215 (Iowa 1974) and State v. Wedelstedt, 213 N.W.2d 652 (Iowa 1973), the State concedes § 725.5, The Code, is probably unconstitutional on its face. In State v. Kueny, supra, we found § 725.1, The Code, to be unconstitutionally vague and in State v. Wedelstedt, supra, we found § 725.3, another obscenity statute, to be unconstitutionally vague and overbroad. In its sole assignment of error, the State contends the trial court judge should have accepted the State's invitation to incorporate the Miller v. California standards for obscenity into § 725.-5, a related obscenity statute, to avoid its constitutional infirmities. This we decline to do. In State v. Wedelstedt, supra, we answered a similar invitation by saying:

"This would require adding to and striking legislative provisions of the statute. Well-established rules of statutory construction prohibit our doing so. No court under the guise of construction may extend, enlarge, or otherwise change the terms and meaning of a statute. [Citations.]

"It is not our function to rewrite the statute. [Citation.] In Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 122, 137 N.W.2d 900, 905, we say:

'If changes in the law are desirable from a policy, administrative, or practical standpoint, *it is for the legislature to enact them, not for the court to incorporate them by interpretation.*'

"The proper forum for the difficult task of reconstructing Code section 725.3 and our *other obscenity statutes* is the legislature. Present and future public policy is involved. Modern enlightened legislation is needed. Obscenity is a complex and difficult socio-legal problem." [Emphasis added.] 213 N.W.2d at 656–657.

Accord, State v. Kueny, supra.

■ We now hold § 725.5, The Code, to be unconstitutionally vague and over-

broad for the same reasons § 725.3 was so held in State v. Wedelstedt, supra. The judgment of the district court sustaining the defendants' demurrer was correct.

Affirmed.