REQUESTED BY: Senator Chris Beutler Nebraska State Legislature 1105 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of April 5, 1983, concerning language in LB 371 which would allow courts to enter ex parte restraining orders which, in effect, enjoin a party in a divorce proceeding from molesting or disturbing the peace of the other party or any minor children affected by the action.
Neb.Rev.Stat. § 42-357 (Reissue 1978) without the amendment presently provides for the issuance of ex parte orders enjoining any party from molesting or disturbing the other party. The inclusion of minor children within the scope of ex parte orders was of concern to you from a constitutional standpoint in view of parent-child relationships.
The courts have held that parental rights are a basic right and cannot be terminated without the parents being fully protected by due process. A natural parent has the right to maintain custody of his or her children subject only to the paramount interest which the public has in the protection of the rights of the child. State v. Metteer,203 Neb. 515, 279 N.W.2d 374; State v. A.H., 198 Neb. 444, 253 N.E.2d 283; Linn v. Linn, 205 Neb. 218,286 N.W.2d 765. We feel that the Fourteenth Amendment guarantees would apply to a suspension of such rights which would be the result in the case of an ex parte restraining order as to the children involved in the divorce. The parent against whom the order is issued must have that protection, yet that parent's immediate interest must be considered and balanced against the welfare of the children. Children involved in divorce actions are wards of the court, and the ultimate decision as to children must be made from the standpoint of their best interest.
Wassung v. Wassung, 136 Neb. 440, 286 N.W. 340; Ford v.Ford, 191 Neb. 448, 216 N.W.2d 176; Weber v. Weber,200 Neb. 659, 265 N.W.2d 436. We can readily visualize that in many instances the requesting party has possession of and is caring for the children. In such a situation, the need for peaceful environs by the requesting parent is inextricably tied to a similar need by the children. It could be in the best interest of the children to include them within the scope of the restraining order on an ex parte basis.
However, in view of State v. Metteer, supra, and the other cases cited, we feel that the relationship between parent and child is such that any order should be for a limited time pending notice and a hearing on the merits of the allegations of the requesting party. Thus, it is our opinion that an ex parte order involving children should be issued according to a reasonable statutory time frame that would provide for notice and hearing compatible with standard of due process. It is, therefore, our opinion that Section 1 of LB 371 is constitutionally suspect.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General