**Judith BARKEMA, Appellant,**

v.

**CLEMENT AUTO AND TRUCK, INC., Appellee.**

**No. 89–272.**

Supreme Court of Iowa.

Dec. 20, 1989.

---

Charles Deppe, Jewell, for appellant.

James L. Kramer and Thomas J. Bice of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

Judith Barkema purchased a new 1986 Buick from Clement Auto and Truck, Inc., on June 10, 1987. She filed suit under Iowa's "Lemon Law," Iowa Code chapter 322E (1987) on December 12, 1988, claiming that the car was defective and demanding restitution or replacement as authorized by Iowa Code section 322E.1(3). Clement filed a motion to dismiss, contending that the statute of limitations provided in Iowa Code section 322E.1(7) had run before Barkema's suit was filed. The district court granted the motion and Barkema now appeals.

The single issue raised by this appeal is whether the district court correctly interpreted the limitations provision which states:

> Any action brought under this section shall be commenced within six months following *either* the expiration of the express warranty term, *or* one year following the date of original delivery to a consumer, whichever is the earlier date.

Iowa Code § 322E.1(7) (1987) (emphasis added).

The district court's decision, and the argument that Clement urges here, is that this provision is unambiguous and reflects a legislative intent to limit the time period for filing suit to a maximum of one year from the date of delivery. Clement contends that the statutory language is not open to interpretation and gives consumers two alternatives: (1) to file suit six months after expiration of the warranty or, (2) to file suit within one year from the date of delivery, whichever is the shorter time period. The district court adopted this reading of the statute.

■ We note that the interpretation Clement urges us to adopt cannot be harmonized easily with the rest of the statute. Specifically, the statute requires the consumer to report defects to the manufacturer, its agent, or authorized dealer either during the term of the warranty or during the one-year period following the date of original delivery, whichever period is shorter. Iowa Code § 322E.1(2) (1987). It requires the consumer to grant the manufacturer, its agent, or authorized dealer a reasonable number of attempts to make the automobile conform to any express warranties, and allows the dealer to make such repairs after expiration of either time period. Clearly, a consumer on whose car repairs were made after expiration of the one-year time period or warranties would be left without recourse if the automobile still did not conform under the interpretation Clement urges. In interpreting a statute, courts must consider the entire act, and accord the statute a sensible, practical, workable and logical construction. *See State v. Harrison,* 325 N.W.2d 770, 771–72 (Iowa App.1982).

■ Moreover, precise and unambiguous language must be accorded its plain and rational meaning as used in conjunction with the subject considered. *LeMars Mut. Ins. Co. v. Bonnecroy,* 304 N.W.2d 422, 424 (Iowa 1981). A court may not extend, enlarge, or otherwise alter the terms and meaning of a statute. *State v. Wedelstedt,* 213 N.W.2d 652, 656 (Iowa 1973). The interpretation rendered by the trial court, however, has the effect of deleting the word "either" from the statutory language. In this case, the term as used in the statute is a "disjunctive correlative, indicating that *what immediately follows* is the first of two or more alternatives." *Webster's Third International Dictionary* (emphasis added). The district court's reading of the statute thus would be tenable only if the word "either" were placed prior to discussion of the six-month time period or entirely deleted from the statute. Since the word "either" comes *after* the discussion of the six-month time period, that time period must apply to both alternatives immediately following the word "either." Thus, the statute of limitations provided by Iowa Code section 322E.1(7) runs eighteen months after delivery, unless the warranty period is shorter than one year, in which case the limitations period would run in less than eighteen months.

Accordingly, the decision of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.