**Edra R. BECHTEL and the Estate of H. Ernest Bechtel, Appellants,**

v.

**WARREN COUNTY BOARD OF TAX REVIEW, Appellee.**

No. 89–1284.

Supreme Court of Iowa.

May 23, 1990.

Dennis L. Eaton, Des Moines, for appellants.

Kevin Parker, County Atty., for appellee.

CARTER, Justice.

Petitioners, Edra R. Bechtel and the estate of H. Ernest Bechtel, who are property owners in Warren County, Iowa, appeal from an order of the district court dismissing their statutory assessment appeal filed pursuant to Iowa Code section 441.38 (1989). The articulated basis for the district court's order was the failure of petitioners to serve a notice of appeal on the chairperson of the respondent, Warren County Board of Tax Review.[1] Petitioners contend that they substantially complied with the requirements of section 441.38 by serving the vice chairperson of the respondent board of review and also serving the Warren County Attorney. After considering the arguments of the parties, we reverse the judgment of the district court and remand the case to that court for consideration of the assessment appeal on the merits.

Petitioners protested the assessment of their property to the respondent board during its May 1989 session. On May 23,

1989, the board, after making only slight adjustments in the assessments, directed that the bulk of petitioners' challenges be denied. Written notice to that effect was given to petitioners on May 30, 1989, the day upon which the board adjourned.

On June 19, 1989, petitioners filed a petition in the Iowa District Court for Warren County purporting to appeal the respondent board's actions pursuant to section 441.38. On that same day, a notice of appeal was delivered to the Warren County Sheriff with directions that it be served on Linda Banger, chairperson of the board. Efforts by the sheriff to locate Ms. Banger were fruitless, and petitioners learned that she was absent on vacation and not accessible for service of the notice of appeal. The sheriff was then directed to serve the notice of appeal on Ray Heisner, vice chairperson of the board, and on the Warren County Attorney. Service of the notice of appeal on those persons was completed on June 20, 1989.

I. *Validity of Service of Notice of Appeal on Vice Chairperson of the Board of Review and the County Attorney.*

In seeking to overturn the order dismissing their assessment appeal, petitioners rely on our decision in *Superior/Ideal, Inc. v. Board of Review,* 419 N.W.2d 405 (Iowa 1988). They contend that under the holding of that case service of the notice of appeal on either the vice chairperson of the board of review or the county attorney constituted substantial compliance with the statutory requirements due to the unavailability of the board chairperson.

Petitioners' argument appears to mischaracterize the scope of our *Superior/Ideal* holding with respect to service on the county attorney. We did not hold in that case that the county attorney is a proper person to be served under section 441.38 in the absence of the chairperson of the board of review. The county attorney's involvement in service of notice of

1. This ruling was based on that portion of § 441.38 which provides:
   Appeals shall be taken by a written notice to that effect to the *chairperson or presiding offi-*

   *cer of the board of review* and served as an original notice.
   (Emphasis added.)

appeal in *Superior/Ideal* was in the context of accepting service on behalf of the board and its chairperson. We held that such acceptance of service was sufficient to confer jurisdiction upon the court if it was established that the county attorney had been authorized so to act.

In the present case, we need not determine whether the county attorney had authority to accept service on behalf of the board. There is no indication in the record that he ever assented to do so. The service of the notice of appeal on the county attorney was a unilateral act of petitioners which did not confer jurisdiction upon the court.

We believe the situation is otherwise, however, with respect to the service of the notice of appeal on the board's vice chairperson. The rationale of *Superior/Ideal*, which approved service of the notice of appeal on the clerk of the board of review in the chairperson's absence, leads us to a similar conclusion concerning service on the board's vice chairperson in the present case. Because, as in *Superior/Ideal*, the chairperson of the board was not accessible, service on the vice chairperson was sufficient to confer jurisdiction upon the court if completed within the statutory period.

II. *Timeliness of Service of Notice of Appeal.*

█ The respondent board argues that, irrespective of whether notice of appeal was served on the proper party, it was untimely under the statute. It bases this contention on the circumstance that the notice of appeal was served twenty-one days following the adjournment of the board of review on May 30. We are unable to interpret section 441.38 as requiring service of the notice of appeal in all instances within twenty days of the board's adjournment.

The critical language of the statute in this regard is:

> Appeals may be taken from the action of the board of review with reference to protests of assessment, to the district court of the county in which the board holds its sessions within twenty days after its adjournment or May 31, whichever date is later.

*Id.* Although the statute is not a model of clarity, we believe this language means that the notice of appeal is timely if it is served on or before the later of the following two dates:

> (1) a date twenty days following the board of review's adjournment, or

> (2) a date twenty days following May 31 of the year in which the board has met, *i.e.*, June 20 of that year.[2]

The notice of appeal in the present case was served on June 20, 1989, which was within the time prescribed by the statute.

We have considered the arguments presented and conclude that the judgment of the district court must be reversed and the case remanded to that court for determination of petitioners' assessment appeal on the merits.

REVERSED AND REMANDED.

---

**2.** Some support for this interpretation is found in *Barkema v. Clement Auto & Truck, Inc.,* 449 N.W.2d 348, 349 (Iowa 1989), which also involved the computation of time from alternative beginning dates.