## Richmond

HOWARD ALEXANDER, ET AL. v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record No. 7726.

Present, All the Justices.

*Stanley M. Dietz (James B. Power,* on brief), for plaintiffs in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Pursuant to Code § 18.1-236.3, the Commonwealth's attorney for the City of Portsmouth petitioned the trial court to adjudge certain magazines to be obscene. On August 3, 1970, a motion to dismiss was filed alleging that the statute is unconstitutional as being repugnant to the First Amendment to the Constitution of the United States. On November 4 and 5, 1970, the case was heard on its merits, and on December 5, 1970, the court entered an order adjudging the magazines obscene and restraining the sale or commercial distribution of them.

On this appeal two questions are presented. First, whether Code § 18.1-236.3 is unconstitutional, and second, whether the evidence

adduced at the hearing was sufficient to support the court's adjudication that the magazines were obscene.

■ The Supreme Court of the United States has held that obscenity is beyond the protection of the First Amendment. *Roth* v. *United States*, 354 U.S. 476 (1957). Code § 18.1-236.3 provides a judicial procedure for adjudicating whether material is obscene or not. It is not a criminal proceeding. The constitutional attack on this statute is that it does not provide for a jury trial, permits a prior restraint on literary material, provides a community standard for judging obscenity rather than a national standard and is vague in violation of the Constitution. We find no merit to any of these alleged constitutional infirmities.

Counsel for appellants admits there has been no ruling by the Supreme Court requiring a jury trial in a proceeding of this kind. Since Code § 18.1-236.3 was not in force when the Constitution of the United States was adopted, a jury trial is not constitutionally required. *Bowman* v. *Va. State Entomologist*, 128 Va. 351, 372, 105 S.E. 141, 148 (1920).

Appellants assert the narrow contention that prior restraint of literary material violates the First Amendment. The statute in question does permit the issuance of a temporary restraining order upon four days' notice, after the court has found probable cause to believe the material is obscene and has issued a show cause order. But, no temporary restraining order was issued in this case. Even so, all prior restraint is not necessarily prohibited. *Times Film Corp* v. *Chicago*, 365 U.S. 43 (1961). *See also Freedman* v. *Maryland,* 380 U.S. 51 (1965) and *United States* v. *Thirty-Seven Photographs*, 402 U.S. 363 (1971).

■ The Supreme Court has not ruled on the question whether the standard for judging obscenity should be a community or national standard.[1] We are of opinion that a community standard is the proper standard. In light of the diversity of opinion that exists in our nation, it would be impossible to establish a workable national standard. See Chief Justice Warren's dissenting opinion in *Jacobellis* v. *Ohio*, 378 U.S. 184 (1964).

Finally, the statute is not unconstitutional on account of vagueness. It provides a definite procedure for determining whether certain materials alleged to be obscene are, in fact, obscene. If the ma-

---

[1] According to the Attorney General, the issue of community standard versus national standard is pending before the Supreme Court in *Miller* v. *California*, 401 U.S. 992 (1971).

terial is adjudged to be obscene then it is perfectly proper to restrain its sale or distribution.

With regard to the court's ruling that the magazines are obscene, we find that the evidence was sufficient to support that ruling. An expert witness for the Commonwealth testified concerning the community's standard for judging obscene material. He had reviewed the magazines in question and said they did not meet the community standard. Further, the court itself viewed all the magazines in question and found them to be obscene in light of the community standards.

During oral argument, we invited appellants' counsel to point out which magazines were not obscene. He candidly admitted he had not reviewed all the magazines and was unable to say which ones were not obscene.

The judgment appealed from is

*Affirmed.*