STATE OF NEBRASKA, APPELLEE, v. LITTLE ART CORPORATION, A CORPORATION, APPELLANT.

204 N. W. 2d 574

Filed February 23, 1973. No. 38542.

Walter J. Matejka, Arthur Schwartz, and Frank Slaninger, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN. NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

NEWTON, J.

The defendant corporation is a theater operator and was engaged in showing four films at a local Omaha, Nebraska, theater. Police officers attended the theater, viewed the films, and subsequently charged defendant with knowingly circulating and publishing obscene, lewd, indecent, and lascivious movie films. An order of court was obtained directing defendant to deliver to the State one copy of each movie and setting a hearing on the question of obscenity for the fourth day thereafter. Defendant stipulated that the film copies should be retained by the State pending trial. Upon trial to a jury, a verdict of guilty was delivered and judgment entered thereon. We affirm that judgment.

A view of the films discloses that they contain very little, if any, plot or story. They are fully occupied with scene-after-scene of sexual intercourse, lesbianism, cunnilingus, sodomy, fellatio, and masturbation. They are what is generally referred to as "hard-core pornography."

The conflict between individual rights and the public welfare is never ending. There never has been, and there never will be, a criminal law adopted which is not in some measure restrictive of individual freedoms or rights. The question constantly before the courts is the allowance of a maximum of human liberty consonant with the welfare and protection of the public. The laws prohibiting the dissemination of obscenity are no exception to this general proposition. How far may an individual go along these lines before it is found that his actions are detrimental to, and tending to debauch and degenerate, the public? In recent years the federal courts have tended to go to great lengths to protect the individual malefactor on constitutional grounds and have discounted the public need for protection. As a result the term "obscene" has been to all intents and purposes emasculated. Acts occurring on the stage, which, if performed in Times Square in New York City, or any other public place, would not be condoned, are sanc-

tioned. This is true even though such acts if performed on the public street may be just as much a form of "expression" as when performed on the stage. Although we may doubt the logic, and disagree with the permissiveness engendered, we are nevertheless bound by constitutional restrictions as interpreted by the United States Supreme Court.

Section 28-921, R. S. Supp., 1972, prohibits the sale, circulation, or publishing of any obscene, lewd, indecent, or lascivious movie film. It does not appear to be unconstitutionally vague in the light of Roth v. United States, 354 U. S. 476, 77 S. Ct. 1304, 1 L. Ed. 2d 1498, wherein similar statutes were held to meet constitutional requirements. It was therein stated: " 'The Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * *.' " Nor is the statute unconstitutional because it fails to contain a directive for a prompt judicial determination of obscenity. That is a procedural matter and when constitutionally permissible procedures are followed in enforcement of the statute there can be no valid complaint.

It is not entirely clear whether or not there must be an adversary hearing on the question of obscenity prior to issuance of a warrant authorizing the seizure of allegedly obscene material. See, United States v. Alexander (8th Cir., 1970), 428 F. 2d 1169. See, also, Quantity of Copies of Books v. State of Kansas, 378 U. S. 205, 84 S. Ct. 1723, 12 L. Ed. 2d 809; Milky Way Productions, Inc. v. Leary, 305 F. Supp. 288, affirmed 397 U. S. 98, 90 S. Ct. 817, 25 L. Ed. 2d 78; United States v. Wild (2d Cir., 1969), 422 F. 2d 34, cert. den. 402 U. S. 986, 91 S. Ct. 1644, 29 L. Ed. 2d 152, rehear. den. 403 U. S. 940, 91 S. Ct. 2242, 29 L. Ed. 2d 720; United States v. Fragus (5th Cir., 1970), 428 F. 2d 1211; Krahm v. Graham (9th Cir., 1972), 461 F. 2d 703. An in-depth study of

that question is not here required. Alexander states that: "* * * where a single copy of a film is seized for the sole purpose of preserving it for evidence in a criminal action, such a seizure does not violate the First Amendment." It further holds that the court may order a defendant to deliver one copy of any alleged obscene material to the prosecuting authority for use in connection with any pending criminal prosecution. See, also, Metzger v. Pearcy (7th Cir., 1968), 393 F. 2d 202; Tyrone, Inc. v. Wilkinson (4th Cir., 1969), 410 F. 2d 639, cert. den. 396 U. S. 985, 90 S. Ct. 478, 24 L. Ed. 2d 449; Bethview Amusement Corp. v. Cahn (2d Cir., 1969), 416 F. 2d 410, cert. den. 397 U. S. 920, 90 S. Ct. 929, 25 L. Ed. 2d 101; Platt Amusement Arcade, Inc. v. Joyce, 316 F. Supp. 298. In the present case, an order of the court, following the filing of a criminal complaint, was obtained requiring delivery of one copy of each of the films to the State and the question of obscenity was set for prompt hearing. Furthermore, a stipulation was entered into whereby defendant consented to the retention of the films. We are at a loss to find any abuse of defendant's constitutional rights under the circumstances here attendant.

Scienter or knowledge of obscenity is required. See Smith v. California, 361 U. S. 147, 80 S. Ct. 215, 4 L. Ed. 2d 205. In this case the films were being publicly shown by the defendant and knowledge of their contents or character by defendant's employees was inescapable.

Obscenity is not subject to the protection of the First Amendment. See, Jacobellis v. State of Ohio, 378 U. S. 184, 84 S. Ct. 1676, 12 L. Ed. 2d 793; Roth v. United States, *supra*. These cases and others, including Memoirs v. Massachusetts, 383 U. S. 413, 86 S. Ct. 975, 16 L. Ed. 2d 1, hold that three elements must coalesce to sustain a finding of obscenity, namely: "* * * (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community

standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." By this test hard-core pornography such as we are here considering must be adjudged obscene.

In regard to the meaning or interpretation of the term "community standards" we find that the United States Supreme Court has failed to define it and its members are divided on the question. Cases from other courts are hopelessly divergent. See In re Giannini, 69 Cal. 2d 563, 72 Cal. Rptr. 655, 446 P. 2d 535, cert. den. 395 U. S. 910, 89 S. Ct. 1743, 23 L. Ed. 2d 223. In this California case the court held the reference was to a state-wide standard. In Alexander v. Commonwealth, 212 Va. 554, 186 S. E. 2d 43, it was held to refer to a local community standard. The difficulty with applying a national standard, as has been frequently pointed out, is that neither jurors nor witnesses are to be found with knowledge of such a standard on a national scale. In the case before us the court simply used the term "contemporary community standard." In the present state of the law, we cannot find that a failure to further define the term is erroneous. Furthermore, the court reviewed the instructions with counsel and defendant neither objected to the instruction subsequently given nor requested any change in it. In any event, the materials here in question must necessarily be held to affront any standard mentioned.

Ordinarily, although a defendant has a constitutional right to introduce evidence pertaining to the community standard, the State is not required to do so. In State v. Amato, 49 Wis. 2d 638, 183 N. W. 2d 29, cert. den. 404 U. S. 1063, 92 S. Ct. 735, 30 L. Ed. 2d 751, rehear. den. 405 U. S. 981, 92 S. Ct. 1190, 31 L. Ed. 2d 257, it was held that affirmative proof of community standards was not necessary. See, also, State v. Watkins (S. C.), 191 S. E. 2d 135. To the same effect is United States v. Wild (2d Cir., 1969), 422 F. 2d 34, cert. den. 402 U.

S. 986, 91 S. Ct. 1644, 29 L. Ed. 2d 152, rehear. den. 403 U. S. 940, 91 S. Ct. 2242, 29 L. Ed. 2d 720; and Kahm v. United States (5th Cir., 1962), 300 F. 2d 78, cert. den. 369 U. S. 859, 82 S. Ct. 949, 8 L. Ed. 2d 18.

Neither is extraneous proof of the obscene nature of the materials required. In Ginzburg v. United States, 383 U. S. 463, 86 S. Ct. 942, 86 S. Ct. 969, 16 L. Ed. 2d 31, rehear. den. 384 U. S. 934, 86 S. Ct. 1440, 16 L. Ed. 2d 536, it was held that the alleged obscene materials were sufficient in themselves for a determination of obscenity.

Other assignments of error not herein discussed are found to be without merit.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., concurs in the result.

McCown, J., concurring in result only.

I concur fully that the films involved here are hardcore pornography without any redeeming social value, and that the conviction should be affirmed.

I emphatically do not join in the assertions that the federal courts have gone to great lengths to protect malefactors at the expense of public need for protection, and that public obscenity has been sanctioned and permissiveness engendered in our society by the United States Supreme Court. Such statements, whether dicta or not, lend support to unjustified and misinformed public criticism of all courts and magnify misunderstanding between state and federal courts.

NEWTON, J., accentuatus.

No court, or judicial decision, is sacrosanct. Sycophantic agreement, or blind obeisance, restraining constructive criticism can only perpetuate errors.