# Richmond

## Howard Alexander, Et Al. v. Commonwealth of Virginia.

March 4, 1974.

Record No. 7726.

Present, All the Justices.

*Stanley M. Dietz* (*James B. Power*, on brief), for plaintiffs in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

In *Alexander* v. *Commonwealth*, 212 Va. 554, 186 S.E.2d 43 (1972), we affirmed the judgment of the Hustings Court of the City of Portsmouth, adjudging certain magazines obscene under Code § 18.1-236.3 and restraining the sale or commercial distribution of them. On June 25, 1973, the Supreme Court of the United States vacated the judgment and remanded the case to us for further proceedings consistent with *Miller* v. *California*, 413 U.S. 15 (1973), *Paris Adult Theatre I* v. *Slaton*, 413 U.S. 49 (1973), and companion cases.

The case at bar involves two questions: whether § 18.1-236.3 is unconstitutional and whether the adjudication that the subject magazines were obscene was contrary to the law and evidence.

Appellants made four constitutional arguments. First, it was argued that § 18.1-236.3 denied appellants their right to trial by jury.

In *Alexander* v. *Virginia*, 413 U.S. 836 (1973), the Supreme Court said:

"A trial by jury is not constitutionally required in this state civil proceeding pursuant to § 18.1-236.3 of the Code of Virginia, 1950, as amended." 413 U.S. at 836.

We are, therefore, not constitutionally required to provide appellants a trial by jury in this civil proceeding.

Appellants argued next that the statute in question permitted a prior restraint on literary material by authorizing a temporary restraining order without an adversary hearing. In *Paris Adult Theatre I*, the Supreme Court held that constitutional requirements were met where the Georgia civil procedure for determining obscenity guaranteed prompt judicial review and placed no restraint on the exhibition of films until an adversary hearing had been held and a final determination of obscenity had been made. The Supreme Court said that such a procedure

"provides an exhibitor or purveyor of materials the best possible notice, prior to any criminal indictments, as to whether the materials are unprotected by the First Amendment and subject to state regulation." 413 U.S. at 55.

Moreover, in *Heller* v. *New York*, 413 U.S. 483, 488 (1973), the Supreme Court said that there is no "absolute First or Fourteenth

Amendment right to a prior adversary hearing applicable to all cases where allegedly obscene material is seized."

Under the Virginia procedure [§ 18.1-236.3], upon the filing of the petition alleging the obscene nature of a book, "the court in term or in vacation shall forthwith examine the book alleged to be obscene." Next, the trial court shall dismiss the petition if it finds no probable cause to believe the book obscene or shall issue a show cause order, returnable within 21 days, if it finds probable cause to believe the book obscene. Only after the show cause order issues, and upon four days' notice, may the court enter a temporary restraining order against the sale or distribution. Thereafter, if an answer to the show cause order is filed, the statute requires the court to set the case on the calendar for a "prompt" hearing.

We find nothing on the face of the statute which denies a prompt adversary hearing on the issue of obscenity after temporary seizure or restraint. Further, no temporary restraint was issued in the case at bar. Sale or distribution of the subject magazines was not enjoined until after a full adversary hearing.

Thirdly, appellants argued that § 18.1-236.3 was unconstitutional in providing for a community standard for judging obscenity other than a national standard. *Miller* held that a national community standard is not constitutionally required, and in *Price* v. *Commonwealth*, 214 Va. 490, 491-92, 201 S.E.2d 798, 799 (1974), we held that "the community standard to be applied is that of the locality rather than that of the state or nation."

Appellants' final constitutional argument was that the statute involved is unconstitutionally vague. The United States Supreme Court implicitly approved our procedure when it approved the similar Georgia civil procedure, assuming the use of a constitutionally acceptable obscenity standard, in *Paris Adult Theatre I*. Our statute provides a sufficiently definite procedure for determining whether certain materials alleged to be obscene are, in fact, obscene. It is proper to restrain the sale or distribution of material adjudged to be obscene, and as we held in *Price* v. *Commonwealth, supra,* the Virginia obscenity law, as construed, is sufficiently explicit to meet the test set out in *Miller*. Therefore, the statute is not unconstitutionally vague.

Finally, appellants argued that the adjudication of obscenity was contrary to the law and evidence. Upon examination of the record of the trial court and the alleged obscene magazines, we find

that the evidence was sufficient to support the ruling in light of *Miller. See Price* v. *Commonwealth, supra.*

For the foregoing reasons, we adhere to the views previously expressed, which we find consistent with *Miller* and its companion cases, and we reaffirm the judgment of the trial court.

*Affirmed.*