STATE OF NEBRASKA, APPELLEE, V. AMERICAN THEATRE CORPORATION, A NEBRASKA CORPORATION, DOING BUSINESS AS PUSSY CAT THEATRE, APPELLANT.

244 N. W. 2d 59

Filed July 7, 1976. No. 40514.

Robert Eugene Smith, Gilbert H. Deitch, Michael Clutter, and Stern, Harris, Feldman, Becker & Thompson, for appellant.

Paul L. Douglas, Attorney General, Herbert M. Fitle, and Gary P. Bucchino, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant-appellant, a corporation, operates the Pussy Cat Theatre in Omaha. It was convicted in the municipal court under section 28-926.17(1), R. S. Supp., 1974, with distribution of obscene material. It appealed on the record to the District Court where the conviction was affirmed. Defendant now appeals to this court. We affirm.

The offense occurred on January 21, 1975, when members of the Omaha police department observed two motion pictures titled "The Cunning Stunt," and "Bang Bash," being exhibited at the Pussy Cat Theatre.

"Bang Bash" purports to be a film of bedroom events at a cocktail party. It depicts lesbian and heterosexual cunnilingus, fellatio, and intercourse. The scenes contain very limited dialogue. The scenes of different acts are interspersed to indicate that all the activities are taking place at the same time. The film portrays the genitals of the actors in the course of the various sexual acts as well as portraying several discharges of excretory substance.

"The Cunning Stunt" involves a thinly veiled attempt of a husband passing himself off as his twin brother. He has sexual relations with his alleged twin brother's alleged wife in his own home during the time he is supposed to be at work. His wife invites two other couples over to meet his alleged twin brother. The alleged twin brother has disappeared by the time the husband allegedly returns from work. The three couples then engage in various types of sexual activity, involving heterosexual cunnilingus, fellatio, and intercourse, as well as three-way sexual acts. One of the couples demonstrates many different sexual positions. Here again, the scenes of the different acts are interspersed to indicate that all the activities are taking place at the same time. The film contains closeups of the genital and excretory fluids of the actors in the course of the various sexual acts. The scenes contain very limited dialogue, and if there is a purpose to the film other than to appeal to prurient interests by depicting sexual activity, we are unable to find it.

Defendant alleges five assignments of error, the fifth of which is divided into three parts. However, the defendant has seen fit to argue only two assignments of error in its brief. Under our rules we consider only the assignments discussed in the brief. Rule 8a(3), Revised Rules of the Supreme Court, 1974.

Defendant first argues that the films as a matter of applicable constitutional law are not obscene and are protected expression under the First and Fourteenth Amendments to the United States Constitution. There is no merit to this contention. They are definitely obscene and are not protected expression under the United States Constitution.

Whether it was necessary, as defendant argues, or not, we have reviewed the materials. We independently find them to be obscene.

Most of the cases cited by the defendant are pre-Miller cases. Both films are clearly embraced within the test

delineated in Miller v. California (1973), 413 U. S. 15, 92 S. Ct. 2607, 37 L. Ed. 2d 419. Our own view of the films satisfies us that both of them fall within the two examples given in Miller of material which may constitutionally be found to meet the patently offensive element of those standards.

The average person applying contemporary community standards would find each of them appeals to the prurient interest. Each of them depicts in a patently offensive way sexual conduct specifically covered by our state law as authoritatively construed. They each contain patently offensive representations of ultimate sexual acts, patently offensive representations of excretory functions, and a continuously lewd exhibition of genitals. Even a casual review of the films is sufficient to indicate they were not intended to promote and definitely lack any serious literary, artistic, political, or scientific value. We have no hesitancy in finding each of them to be utterly without redeeming social value, even if such a test were still necessary.

The two films involved herein are even more sexually explicit than those heretofore reviewed by the court and found to be within the prohibition of our statute. With a very, very limited amount of dialogue they are almost exclusively devoted to explicit displays of sexual conduct of every conceivable nature and description. We find both films, "The Cunning Stunt," and "Bang Bash," to be hard-core pornography and obscene under the tests enunciated in Miller v. California, *supra*.

Defendant's second assignment of error is the evidence in the record is insufficient as a matter of law to establish the element of scienter to the minimum constitutional standards enunciated in Hamling v. United States (1974), 418 U. S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590.

Section 28-926.17, R. S. Supp., 1974, so far as material herein, reads as follows: "(1) Any person who *knowingly* * * * (b) publishes, circulates, sells * * * or distributes or exhibits any obscene material * * * shall,

upon conviction thereof, be punished by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment." (Emphasis added.)

By the use of the word "knowingly" the Legislature has made scienter a necessary element in any prosecution under the Nebraska obscenity law. Section 28-926.11 (4), R. S. Supp., 1975, specifically defines the word "knowingly" to mean: "Knowingly shall mean having general knowledge of, or reason to know, or a belief or reasonable ground for belief which warrants further inspection or inquiry or the character and content of any material, taken as a whole, described in this section, which is reasonably susceptible to examination by the defendant; * * *."

The word "knowingly" as used in the Nebraska statutes satisfies the constitutional requirement of scienter, required by Hamling v. United States, *supra,* and we have no question that it was present in this case.

Defendant, in support of this contention, quotes the following from Hamling v. United States, *supra:* " 'We think the "knowingly" language of 18 U.S.C. § 1461 and the instructions given by the District Court in this case satisfy the constitutional requirements of scienter. It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the material he distributes, and he knew the character and nature of the materials.' "

We would add the next two sentences following the material quoted: "To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law. Such a formulation of the scienter requirement is required neither by the language of 18 U. S. C. § 1461 or by the Constitution."

Here, the defendant is a corporation so the knowledge must necessarily be that of its officers and employees.

In this case, the films were being publicly shown by the defendant, and knowledge of their contents or character by the defendant's employees was inescapable. It could hardly be said that a jury could not infer knowledge of their contents by the defendant as well as an attempt to exhibit obscene films. Further, the titles to a theater operator specializing in adult films would have been particularly suggestive. A view of the films discloses they contain very little if any plot or story. They are fully occupied with scene after scene of lesbian and heterosexual cunnilingus, fellatio, and intercourse, with close-up scenes of the genitals and excretory fluids. They, in all respects, establish the element of scienter to fully comply with the constitutional standards enunciated in Hamling v. United States, *supra.*

The specific issues currently before the court have been raised and answered by this court in three separate cases. Two of them involved movies shown at the Little Art Theater, State v. Little Art Corp. (1973), 189 Neb. 681, 204 N. W. 2d 574, and State v. Little Art Corp. (1974), 192 Neb. 734, 224 N. W. 2d 183. The third one involved this same defendant, State v. American Theater Corp. (1975), 194 Neb. 84, 230 N. W. 2d 209. What we said in each of those cases is equally pertinent here. Actually, the result in this case is governed by our opinion in State v. Little Art Corp. (1973), 189 Neb. 681, 204 N. W. 2d 574. The issues are identical and there is no material difference in the evidence. The films depict what is known as hard-core pornography, and the judgment should be and is affirmed.

AFFIRMED.