STATE OF NEBRASKA, APPELLEE, V. BEVERLY ANN SCHWARTZ, APPELLANT.

255 N. W. 2d 859

Filed July 13, 1977. No. 41079.

James Tyler, Arthur M. Schwartz, and Neil Ayervais, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

Boslaugh, J.

The defendant, Beverly Ann Schwartz, was convicted on three counts of selling obscene motion picture films. The films which the defendant sold were entitled "Smokers, Blue Monday," "The Masturbater," and "Wet and Warm, A Debauchery Film." No contention is made that the films were not obscene.

The defendant was fined $1,000 and sentenced to imprisonment in the county jail for 30 days on each count, the sentences to run concurrently. She has appealed and contends that section 25-1601, R. R. S. 1943, is unconstitutional and that the trial court erred in failing to properly define "contemporary community standards" in the instructions to the jury.

Section 25-1601, R. R. S. 1943, provides that jurors shall be selected from persons who are "over the age of twenty-one years and under the age of seventy years." The defendant contends that the exclusion of persons from 18 to 21 years of age and over 70 years of age from the jury prevented her from having a fair trial because the jury was not a representative cross-section of the community.

In State v. Foster, 196 Neb. 332, 242 N. W. 2d 876, we considered a similar contention in regard to the exclusion of 19 and 20 year old persons from grand jury service. We held in that case that persons who are 19 and 20 years of age did not constitute a cognizable class and their exclusion from jury service was not arbitrary. We think that case is controlling here and that the defendant's contention is without merit.

Instruction No. 11 given to the jury was as follows: "In this case, ladies and gentlemen of the jury, you and you alone are the exclusive judges of what the contemporary community standards of the intended and probable recipient group is, and in determining the contemporary community standards of said group you may consider the divergent ages, the educated and uneducated, the religious and irreligious

men and women, and, of course, any other characteristics which go to make up the 'average person' of the intended and probable recipient group. * * * In this connection you may consider the contemporary standards of the community in books, magazines, literature, movies, stage plays, religion, social conduct, and so forth.''

The defendant argues that the instruction was erroneous because the trial court did not define ''community'' as encompassing the State of Nebraska. The defendant cites Jenkins v. Georgia, 418 U. S. 153, 94 S. Ct. 2750, 41 L. Ed. 2d 642, and concedes that the Jenkins case held that an instruction which directs the jury to apply community standards without specifying what community does not violate the Constitution of the United States. In State v. Little Art Corp., 189 Neb. 681, 204 N. W. 2d 574, we held such an instruction was not erroneous under Nebraska law. Furthermore, as in the Little Art Corp. case, the materials in question here would affront any standard.

The judgment of the District Court is affirmed.

AFFIRMED.