STATE OF NEBRASKA, APPELLEE, V. TARA ENTERPRISES, INC., AND ZACHARY PRODUCTIONS, LTD., APPELLANTS.

274 N. W. 2d 875

Filed January 30, 1979. No. 42161.

J. Steven Beckett of Reno, O'Byrne & Kepley, and

Douglas L. Kluender of Healey, Healey, Brown, Wieland & Glynn, for appellants.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

McCOWN, J.

In three consolidated cases, the defendants, Tara Enterprises, Inc., and Zachary Productions, Ltd., were found guilty by a six-member jury on 21 counts of distributing, exhibiting, or promoting obscene material. Five counts involved magazines and sixteen counts involved films. The county court of Lancaster County imposed the maximum fine of $1,000 on each count. The District Court, on appeal, affirmed the judgment and sentence on each count.

Storefront premises in downtown Lincoln, Nebraska, are jointly occupied by the defendants who operate two businesses in the same building. A book store and coin-operated arcade called "Adult Book & Cinema" are owned and operated by the defendant, Tara Enterprises, Inc., and a minitheater designated "Cinema X" is owned and operated by the defendant, Zachary Productions, Ltd. Inside the entrance to the premises is a sign restricting admission to adults and requiring a 50-cent browser's fee. Magazines are displayed in racks in the main room of the storefront. The arcade area contains a number of individual viewing booths with coin-operated 8-millimeter projectors. The minitheater has approximately 36 theater-type seats, with a large screen on one wall where 16-millimeter movies are shown.

For a period of several weeks in March and April of 1977, various detectives of the Lincoln, Nebraska, police department entered the defendants' premises,

purchased several magazines, and viewed numerous films. An affidavit submitted in support of the issuance of a search warrant on April 20, 1977, identified nine films by title or by location in the numbered viewing booths, and described in detail the actions depicted in the films and their general and specific content. The affidavit requested a warrant authorizing search of the premises of the defendants for the named and described films and for "any other item or items which constitute evidence of the knowing, willfull (sic) and unlawful exhibition and dissemination of said films by persons or corporations, including papers, books, records, and any other data pertaining to and constituting evidence of ownership, management, financial interest, promotion, or control of the corporate entities hereinabove described or of the movie films hereinabove described, * * * including any equipment, fixtures, signs, displays, or other material promoting, advertising, aiding or used in the exhibition, diplay (sic), portrayal, or dissemination of said films, * * *."

The county court of Lancaster County issued a search warrant on April 20, 1977, authorizing the search of the defendants' premises for the items specifically described and set forth in the affidavit attached. The warrant was executed on April 20, 1977. The inventory of property seized, in addition to various papers and records, included two rolls of 16-millimeter films, which were named and described in the affidavit, and two 16-millimeter projectors; thirty-seven 8-millimeter films, which included eight films particularly named and described in the affidavit, and thirty-seven 8-millimeter projectors and thirty-eight coin boxes and coin mechanisms.

On April 25, 1977, an information was filed charging the defendant, Tara Enterprises, Inc., with nine counts of exhibiting obscene material, the films

described in the affidavit and seized under the warrant, and five counts of distributing obscene magazines, previously purchased by police and graphically described in an affidavit for issuance of summons.

On April 28, 1977, another affidavit was filed in support of the issuance of a search warrant. That affidavit described two 16-millimeter films in detail as to content, and specifically by title. On the same date the county court of Lancaster County issued a search warrant authorizing a search of the defendants' premises for the two specific motion pictures. Under this warrant officers seized the two named films and two take-up reels. On May 3, 1977, the defendants were charged on two counts of exhibiting the obscene material described in the affidavit and seized under this search warrant.

After further investigations another affidavit was filed in support of a search warrant on May 26, 1977. The affidavit explicitly described the content of six 8-millimeter films. Four of them were also described by title, and two untitled ones by their location in numbered exhibition booths in the arcade. The affidavit requested authorization to search for and seize the specifically described and allegedly obscene films, as well as "any other item or items which constitute evidence of unlawful possession and operation of mechanical amusement devices without first obtaining a license and permits therefore (sic) and paying the tax thereon * * * including photographs of said mechanical amusement devices in place and labels; signs, advertising material, or promotional material showing the occupation of said premises by corporations or individuals, the operation of said mechanical amusement devices by said corporations or individuals, and the ownership of mechanical amusement devices by corporations or individuals, * * *."

The District Court for Lancaster County issued a warrant on May 26, 1977, authorizing a search for

the items particularly described in the affidavit. The warrant was executed the same day. The inventory of property seized under this warrant included 40 films and 40 projectors. Five films described in the affidavit and seized under the warrant were the basis for the five counts of a third information filed on May 31, 1977, charging Tara Enterprises, Inc., with exhibiting obscene materials.

The three cases filed on April 25, May 3, and May 31, 1977, were consolidated for trial over defendants' objections. Prior to trial defendants filed motions to quash the search warrants, .suppress all evidence seized, and return all items. All 21 counts in the 3 cases involve films specifically identified by affidavit and seized under a search warrant specifically identifying them, or magazines purchased and later specifically identified by affidavit. No other material seized or purchased was offered in evidence, nor is there any evidence as to its disposition. The defendants' motions to suppress the evidence on the 21 counts involved were overruled.

Following trial to a six-member jury in the county court, the jury found the defendant, Zachary Productions, Ltd., guilty on two counts of exhibiting obscene material, and the defendant, Tara Enterprises, Inc., was found guilty on five counts of distributing obscene material and fourteen counts of exhibiting obscene material. The court sentenced the defendants to pay the maximum fine of $1,000 on each count.

Upon appeal to the District Court for Lancaster County, following oral argument and submission of briefs, the District Court affirmed the conviction and sentence on each count. The defendants' post-trial motion for judgment of acquittal or new trial on each count was overruled and this appeal followed.

Defendants' major assignments of error center around the contention that the search and seizure procedures involved in this case violated the defend-

ants' constitutional rights. Their basic position is that the language of the search warrants was so broad and general that it authorized a general search of the premises for evidence of any crime. They assert that the language of the warrants was interpreted too broadly, and that the officers executing the warrants exceeded the scope of the search and seizure authorized. They also argue that the films specifically described in the warrants cannot be separated from the other items seized, but are only part of a general invalid seizure. They contend, therefore, that the films specifically described and authorized to be seized under the warrants must be suppressed. At this point it should be noted that the 8-millimeter films were locked into individual coin-operated projectors at the time of the seizure. The defendants' arguments are ingenious, but the record does not support their conclusions.

The affidavits involved in this case named and described in detail specific films. Authorization for seizure of other items was limited to items constituting evidence of the unlawful exhibition and dissemination "of said films" or of "films hereinabove described." Authorization to seize equipment was also limited to equipment or material aiding or used in the exhibition or dissemination "of said films." If the officers interpreted the authorization of the warrants too broadly and seized items outside the scope authorized, that conduct should not require the suppression of items specifically authorized to be seized. The warrants here authorized a search for particular evidence of exhibiting or disseminating obscenity, and not a general exploratory rummaging for evidence of fruits of any and all crimes. The warrants were not general warrants, and the evidence sought to be suppressed in this case was specifically described in the warrants, and related to the specific crimes with which defendants were charged. See, In re Search Warrant, 572 F. 2d 321

(D. C. Cir., 1977); United States v. Jacobs, 513 F. 2d 564 (9th Cir., 1975); United States v. Wild, 422 F. 2d 34 (2d Cir., 1969).

The language of the court in United States v. Fernandez, 430 F. Supp. 794 (N. D. Cal., 1976) is appropriate. "(T)he clear rule of law is that, in the ordinary case, the seizure of some items beyond those specified in a search warrant does not result in the suppression of those items which were validly seized." Where items unspecified in the warrant are seized in a valid search, the fact that they are not admissible in evidence does not require suppression of property seized in accordance with the warrant. See, State v. Tidyman, 30 Or. App. 537, 568 P. 2d 666; People v. Greathouse, 173 Colo. 103, 476 P. 2d 259; People v. Young, 543 P. 2d 1302 (Colo. App.).

The defendants also contend that seizure of films not specifically described in the search warrants constituted an invalid prior restraint in violation of First Amendment rights. In United States v. Sherwin, 539 F. 2d 1 (9th Cir., 1976) the court noted in dictum: "When materials are seized in violation of the first amendment, the appropriate remedy is return of the seized property * * *." See, also, Heller v. New York, 413 U. S. 483, 93 S. Ct. 2789, 37 L. Ed. 2d 745; United States v. Womack, 509 F. 2d 368 (D. C. Cir., 1974).

Defendants also contend that the affidavits for issuance of search warrants were insufficient to permit the court to "focus searchingly" on the issue of obscenity. That contention is unsupported by the record. The descriptions contained in the affidavits were detailed and graphic enough to permit the issuing magistrate to focus searchingly on the issue of obscenity and to establish probable cause to believe that the films described were obscene. Much less explicit descriptions have been held sufficient. See United States v. Christian, 549 F. 2d 1369 (10th Cir., 1977).

The defendants' contention that a twelve-person jury is required for the determination and application of community standards in obscenity cases has been foreclosed. See, Williams v. Florida, 399 U. S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446; Ballew v. Georgia, 435 U. S. 223, 98 S. Ct. 1029, 55 L. Ed. 2d 234. A six-member jury provides an adequate and representative cross section of the community which is sufficient to determine and apply community standards in obscenity cases.

The defendants' contention that expert testimony is necessary to establish the relevant community standard in an obscenity case, and that the Nebraska obscenity statutes are unconstitutional, are likewise without merit. See, Miller v. California, 413 U. S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419; Hamling v. United States, 418 U. S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590.

It is tacitly conceded that virtually all films and magazines furnishing the basis for the counts here might be found to be obscene by a representative jury under the terms of the Nebraska obscenity statutes. The defendants do contend, however, that the magazine which furnishes the basis for count IV does not depict or describe sexual conduct, nor is it obscene within the definitions of the Nebraska obscenity statutes. The content of this magazine does not fall within the definitions proscribed by the statutues, where dissemination is limited to adults. The conviction and sentence on count IV must, therefore, be reversed.

Defendants' contention that the fines imposed in these cases were excessive is also without merit. The rule is well established in this court that a sentence imposed within the limits prescribed by statute will not be disturbed on appeal in the absence of an abuse of discretion in the sentencing court. There was no abuse of discretion here.

The conviction and sentence on count IV is revers-

ed and the cause dismissed. The convictions and sentences on all the remaining 20 counts are affirmed. Costs taxed to the defendants.

CONVICTIONS AND SENTENCES AFFIRMED AS TO ALL COUNTS EXCEPT COUNT IV WHICH IS REVERSED AND CAUSE DISMISSED.