STATE OF NEBRASKA, APPELLEE, V. TARA ENTERPRISES, INC., APPELLANT.

288 N. W. 2d 290

Filed February 12, 1980. No. 42662.

J. Steven Beckett of Reno, O'Bryne & Kepley and Of Counsel, Douglas L. Kluender of Healey, Brown, Wieland & Kluender, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Defendant below, Tara Enterprises, Inc., was charged in the Lancaster County court with multiple violations of the Nebraska obscenity statutes, section 28-926.11 et seq., R. R. S. 1943, and after a jury trial in that court was found guilty on 22 counts of exhibiting obscene materials under the above statutes. Defendant was sentenced to pay a fine of $200 for each of the 22 counts, or a total of $4,400 in fines. The case was appealed to the Lancaster County Dis-

trict Court, which court, after a hearing, affirmed the convictions on the 22 counts of obscenity and also the sentences imposed by the county court of Lancaster County. Defendant then filed a motion requesting that the District Court enter a judgment of acquittal, order a new trial, or grant a rehearing. That motion was overruled and the defendant appeals to this court from the overruling of that motion. We affirm.

On December 22, 1977, Lincoln police officers conducted an investigation of the Adult Book & Cinema operated by defendant at 921 O Street, Lincoln, Nebraska, based on complaints received concerning that establishment. The investigating officers' attentions were devoted primarily to the arcade portion of the store where 20 individual viewing booths were located. Each booth contained two 8-millimeter projection units which were used for viewing separate films. On the date of the investigation, only 31 of the 40 projection units were in working condition. The investigating officers viewed the films on the 31 operating projection units and dictated detailed reports on the contents of the films viewed. One officer, who viewed seven of the aforementioned films, experienced difficulty in preparing written reports of the films and gave an oral report, based on notes he had taken during the showings, to the officer in charge of the investigation, one Detective Cook. On the basis of the oral and written reports, Detective Cook applied to the court for a search warrant for the seizure of the films which the officers had viewed. In support of his application Detective Cook submitted an affidavit summarizing the oral report of the officer who experienced difficulty in preparing a written report, and also attached to the affidavit the written reports of the other investigating officers.

On the basis of this affidavit a search warrant was issued on December 23, 1977, directing Detective

Cook to search the premises of the Adult Book & Cinema for the films described in the affidavit and attached reports, the advertising placards for such films, and "any other item or items which constitute evidence of unlawful exhibition of the motion pictures described in the affidavit of Joe Cook * * *." The search warrant was executed that same date, and the police officers seized all 40 of the projection units and films attached thereto, the advertising placards for the films, and three 16-millimeter films which were presumably then being exhibited in the theatre portion of the establishment. A complaint was filed on January 11, 1978, charging defendant with 31 counts of publishing, promoting, or exhibiting obscene material in violation of section 28-926.17, R. R. S. 1943. Motions to dismiss and to quash the warrant and suppress the evidence seized thereunder were made by defendant.

Defendant's motion to dismiss was denied, as was also that portion of the motion to quash the search warrant. However, the court ordered seven of the films seized under the search warrant suppressed, these being the seven films viewed by the officer who experienced difficulty in preparing written reports on their contents. Although Detective Cook had summarized the contents of the films, he had described only six of the seven films in his summary, and the titles were not included. The court concluded that all seven of the films in question must be suppressed as there was no method in which to determine which of the seven films were those described by Detective Cook in his affidavit. Thereafter, the State filed an amended complaint charging the defendant with 23 counts of exhibiting, publishing, or promoting obscene material in violation of section 28-926.17, R. R. S. 1943.

Trial was had in the Lancaster County court before a six-member jury. Evidence was adduced by the State which related to defendant's exhibition of

the films and the seizure of the same by the officers. The films were then shown to the jury, after which the State rested its case. The court then dismissed one of the counts because the film involved did not fall within the statutory requirements of obscenity, since the contents did not involve sexual conduct as defined by section 28-926.11 (14), R. R. S. 1943.

The defendant presented its evidence. An expert witness for defendant testified that, as a result of a poll conducted by him, he concluded there was no consensus regarding community standards as to obscenity in the State of Nebraska. Another witness testified that the films had potential value as educational tools.

As stated, the jury returned verdicts of guilty on each count, and the court imposed a fine of $200 on each count. The District Court, on appeal, affirmed the convictions and fines.

In its appeal to this court, defendant assigns three errors which it contends justify a reversal. It is first contended that the trial court erred in failing to quash the search warrant and in failing to suppress the evidence seized thereunder. In specific terms, the defendant asks this court to modify or overturn the rule we recently announced in State v. Tara Enterprises, Inc. and Zachary Productions, Ltd., 202 Neb. 260, 274 N. W. 2d 875 (1979) (hereafter referred to as Tara I). The rule announced therein was that " '[I]n the ordinary case, the seizure of some items beyond those specified in a search warrant does not result in the suppression of those items which were validly seized.' Where items unspecified in the warrant are seized in a valid search, the fact that they are not admissible in evidence does not require suppression of property seized in accordance with the warrant."

Defendant contends that we created a "per se" rule which stands for the proposition that even if the entire search and seizure is unreasonable, so long as

the introduction of evidence is limited to items particularly described in a search warrant affidavit and search warrant, the defendant cannot object on Fourth Amendment grounds to the search and seizure process. We believe defendant has read our decision in Tara I too broadly.

In Tara I we held that the seizure of unnamed items under the authority of a search warrant and affidavits in support thereof, which were specific in nature, would not automatically require the suppression of the specific items seized by authority of the search warrant. We did not say that the sufficiency of the affidavit setting forth the particular facts necessary to establish probable cause for the issuance of a search warrant was not subject to judicial review or scrutiny. See, for example, State v. Bernth, 196 Neb. 813, 246 N. W. 2d 600 (1976), cert. den., 430 U. S. 948, 97 S. Ct. 1587, 51 L. Ed. 2d 797 (1977); State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85 (1971).

In the instant matter the police reports attached to the affidavit for search warrant, totalling 55 pages, described the films viewed by the investigating officers in minute detail. The descriptions were specific, vivid, and graphically particular. The search warrant authorized the seizure of the films named in the affidavit and attached reports. It is true that the police officers in executing the search warrant did, indeed, seize more films than were authorized by the warrant. However, it is likewise true that each of the films for which convictions were obtained was described in the reports and was seized under the authority of a specific provision of the warrant. The search warrant was not a "general" warrant. Defendant has failed to show any valid reason for suppressing the films. The rule we announced was correct, and we reaffirm it. Defendant's first claim of error is therefore rejected.

Defendant next contends that the trial court erred in failing to find that the State had a burden to ad-

duce evidence with reference to community standards on obscenity. The rule in this regard is well established. "A juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a 'reasonable' person in other areas of the law. Stone v. New York, C. & St. L. R. Co., 344 U. S. 407, 409 [97 L. Ed. 441, 73 S. Ct. 358] (1953); Schulz v. Pennsylvania R. Co., 350 U. S. 523, 525-526 [100 L. Ed. 668, 76 S. Ct. 608] (1956)." Hamling v. United States, 418 U. S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); Smith v. United States, 431 U. S. 291, 97 S. Ct. 1756, 52 L. Ed. 2d 324 (1977). See, also, State v. Tara Enterprises, Inc. and Zachary Productions, Ltd., *supra.* Defendant's position in this regard is likewise without merit.

Finally, defendant contends that the Nebraska obscenity statutes are unconstitutional as being an impermissible infringement upon freedom of speech in violation of the First and Fourteenth Amendments to the United States Constitution. The same argument was presented to us in Tara I, where we rejected the argument as without merit on the basis of Miller v. California, 413 U. S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973). Nothing has occurred since we entered our decision in Tara I which has persuaded us to change our position on these issues. We therefore believe this claim is also without merit.

No other errors appearing, we affirm the judgment and sentences of the District Court.

AFFIRMED.