622 F.2d 400
 TARA ENTERPRISES, INC., a Delaware Corporation; Zachary
Productions, Ltd., a Delaware Corporation; and Lee
Beem, Appellants,
v.
Charles HUMBLE, Individually; George Hansen, Individually;
Dean Leitner, in his capacity as Chief of Police of the City
of Lincoln, Nebraska; William Austin, in his capacity as
City Attorney for Lincoln, Nebraska, Appellees.
 No. 79-1680.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1980.
Decided June 5, 1980.
 
 Glenn A. Stanko, Champaign, Ill., for appellants; J. Steven Beckett, Champaign, Ill., Douglas L. Kluender, Healey, Brown, Wielan & Kluender, Lincoln, Neb., on brief.
 M. J. Bruckner, Lincoln, Neb., for appellees; W. Scott Davis, Lincoln, Neb., on brief.
 Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a decision by the United States District Court for the District of Nebraska, The Honorable Warren K. Urbom presiding, granting judgment for defendants at the close of the plaintiffs' case. We affirm.
 
 
 2
 In June, 1977 plaintiffs Tara Enterprises, Inc. (Tara), Zachary Productions, Ltd. (Zachary), and an individual identified as Lee Beem brought a federal civil rights action against certain officials and former officials of the City of Lincoln, Nebraska as well as against the County Attorney of Lancaster County, Nebraska in which the City of Lincoln is located.
 
 
 3
 Tara is owner and operator of an adult bookstore and adult arcade known as the "Adult Book and Cinema Store." Zachary is owner and operator of an adult movie theater known as the "Cinema X" located in the same building. Lee Beem is an employee of Tara working at the "Adult Book and Cinema Store."
 
 
 4
 In 1977 the corporate plaintiffs sold and exhibited what is generally referred to as "hard-core" pornography in violation of local anti-obscenity laws. Tara sold obscene books and pictures, and also operated a film arcade composed of twenty booths in which customers, after depositing money, could view a short motion picture showing explicit sexual acts including deviant acts. In addition, Zachary operated in the same building a large screen movie theater featuring obscene films.
 
 
 5
 Based on complaints from area residents, Lincoln law enforcement officials began investigating the bookstore, arcade and movie theater. Eventually and in April and May of 1977 a Lincoln detective applied for and obtained three search warrants authorizing searches of the premises and seizure of obscene materials. On April 20, April 28, and May 26, 1977 the warrants were executed and seizures were made. On May 31, 1977 the state filed criminal charges against Tara Enterprises and Zachary Productions.[1]
 
 
 6
 Following the filing of criminal charges, Tara, Zachary and employee Beem brought suit claiming that the three searches and seizures conducted in the spring of 1977 violated their rights protected by the first, fourth and fourteenth amendments. Named as defendants were Ronald Lahners, County Attorney of Lancaster County; Charles Humble, City Attorney of Lincoln, Nebraska; and George Hansen, the Chief of Police of the City of Lincoln. Plaintiffs initially sought declaratory, injunctive and pecuniary relief.
 
 
 7
 But before the case was brought to trial, defendants Humble and Hansen resigned from their respective positions as City Attorney and Chief of Police of Lincoln, Nebraska, and subsequently William Austin became City Attorney and Dean Leitner became Chief of Police. Austin and Leitner were thus added as defendants and granted leave to file answers. Defendants Humble and Hansen were granted leave to file amended answers.
 
 
 8
 Moreover, prior to trial the plaintiffs withdrew their request for monetary relief and the claim as to defendant Ronald Lahners was settled.
 
 
 9
 On July 2, 1979 this case was the subject of a bench trial before Judge Urbom. At the conclusion of plaintiffs' case the defendants moved for judgment and the court granted judgment in favor of defendants holding that the action was moot. We agree with the district court.
 
 
 10
 Turning first to the claim against the former City Attorney and Police Chief, we note that because monetary damages are not sought nor any other relief which would be operative against these defendants who no longer possess any official power, the action against them is, of course, moot. Four Star Publications, Inc. v. Erbe, 304 F.2d 872, 874 (8th Cir. 1962).
 
 
 11
 The claim against the present City Attorney and Police Chief must also be dismissed. To obtain injunctive or declaratory relief against these officials, it is well established that there must be some indication that they intend to continue the unconstitutional practices alleged in the complaint. Mayor of Philadelphia v. Educational Equality League, 415 U.S. 605, 622-23, 94 S.Ct. 1323, 1334-35, 39 L.Ed.2d 630 (1974); Spomer v. Littleton, 414 U.S. 514, 520-23, 94 S.Ct. 685, 688-90, 38 L.Ed.2d 694 (1974). In the present case, however, there has been an affirmative disavowal of any intention to follow the alleged wrongful policies and practices of the former City Attorney and Police Chief and the plaintiffs have made no showing to the contrary. In such circumstances, the action may not be maintained. Four Star Publications, Inc. v. Erbe, supra.
 
 
 12
 Affirmed.
 
 
 
 *
 The Honorable William C. Hanson, United States Senior District Judge, Southern District of Iowa, sitting by designation
 
 
 [1]
 Tara and Zachary were tried by jury in the County Court of Lancaster County on twenty-one counts of distributing, exhibiting or promoting obscene materials. Zachary was found guilty on two counts of exhibiting obscene materials while Tara was found guilty on five counts of distributing obscene materials and fourteen counts of exhibiting obscene materials. The court sentenced the defendant to pay the maximum fine of $1,000.00 on each count, and the decision was affirmed with minor exception by the Nebraska Supreme Court. State v. Tara Enterprises, Inc., 202 Neb. 260, 274 N.W.2d 875 (1979)
 Later, Tara was again charged with multiple violations of the Nebraska obscenity statutes, § 28-926.11 et seq., and after a jury trial was found guilty on twenty-two counts of exhibiting obscene materials. Tara was fined $200.00 on each count. That decision was affirmed by the Nebraska Supreme Court. State v. Tara Enterprises, Inc., 205 Neb. 516, 288 N.W.2d 290 (1980).