STATE OF NEBRASKA, APPELLEE, V. THE EMBASSY CORPORATION, APPELLANT.

340 N.W.2d 160

Filed November 10, 1983. No. 83-161.

Herbert J. Friedman of Friedman Law Offices, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant is a corporation which operates the Embassy Theatre in Lincoln, Nebraska. It was charged with exhibiting two obscene films on July 6, 1979, at its theater, in violation of Neb. Rev. Stat. § 28-813(1) (Reissue 1979). The films were entitled "My Sister Eileen" and "Seven Into Snowy."

The jury trial in the county court began on November 4, 1980, and resulted in a guilty verdict on count I. However, the jury was unable to reach a verdict on count II, which involved the film "Seven Into Snowy." At the second trial on count II the jury returned a guilty verdict. Defendant was fined $200 on count I and $500 on count II.

The defendant appealed to the District Court, where the cases were consolidated. The District Court affirmed the verdict and sentences. The cases have been docketed in this court as one appeal.

The defendant has assigned as error the failure of the trial court to determine that § 28-813(1) is unconstitutionally vague; the failure to find as a matter of law and fact that the films were not obscene within the meaning of the statute; and the failure to find that the defendant had been deprived of due process of law in that it had not been warned of the obscene nature of the films.

We have previously determined that the Nebraska obscenity statutes are not unconstitutionally vague and fulfill the requirements set forth in *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973). See, e.g., *State v. Tara Enterprises, Inc. and Zachary Productions, Ltd.*, 202 Neb. 260, 274 N.W.2d 875 (1979); *State v. American Theater Corp.*, 194 Neb. 84, 230 N.W.2d 209 (1975). *Miller v. California, supra* at 24, set forth the following guidelines for permissible state regulation of obscenity: "As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, [citations omitted], (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

The statutes under which defendant was charged and convicted provide: "Any person who knowingly (a) prints, copies, manufactures, prepares, produces, or reproduces obscene material for purpose of sale or distribution, (b) publishes, circulates, sells, rents, lends, transports in intrastate commerce, or distributes or exhibits any obscene material, (c) has in his possession with intent to sell, rent, lend, transport, or distribute any obscene material, or (d) promotes any obscene material or performance shall be guilty of a Class I misdemeanor." § 28-813(1).

"Obscene shall mean (a) that an average person applying contemporary community standards would find that the work, material, conduct or live performance taken as a whole predominantly appeals to the prurient interest or a shameful or morbid interest in nudity, sex or excretion, (b) the work, material, conduct or live performance depicts or describes in a patently offensive way sexual conduct specifically set out in sections 28-807 to 28-829, and (c) the work, conduct, material or live performance taken as a whole lacks serious literary, artistic, political, or scientific value." Neb. Rev. Stat. § 28-807(9) (Reissue 1979).

The language of the statutes was clearly patterned upon the language of *Miller v. California, supra,* quoted above. The Nebraska statutes are within the constitutionally permissible scope in which a state may regulate obscenity.

Defendant next contends that the films were not obscene as a matter of law and fact. The films had little, if any, plot or story line, and consisted of scene after scene of sexual intercourse, lesbianism, homosexuality, cunnilingus, and fellatio. These films were clearly obscene as that term is defined by §§ 28-813(1) and 28-807(9). See, *State v. American Theater Corp.*, 196 Neb. 467, 244 N.W.2d 59 (1976); *State v. American Theater Corp.*, 194 Neb. 84, 230 N.W.2d 209 (1975). The jury verdict is supported by the evidence.

The defendant argues that because it was earlier acquitted of similar charges for showing two allegedly obscene films which, defendant asserts, were similar in content to those involved in the present case, the convictions cannot stand. The defendant argues that the prior determination of community standards created in it the right to rely upon that determination in exhibiting films.

This argument is not persuasive. Initially, we note that in determining an issue of fact each case must be determined on evidence peculiar to it alone and not by comparison to fact determinations made by another jury in a similar case. See *Holmquist v. Volkswagen of America, Inc.*, 261 N.W.2d 516 (Iowa App. 1977). We also note that a prior acquittal cannot act as a bar to a conviction for showing films which were not subjects of the earlier charges. The cases do not present the identity of issues required by any theory of claim preclusion. See *Cedars Corp. v. Sun Valley Development Co.*, 213 Neb. 622, 330 N.W.2d 900 (1983).

The fact that juries may reach different results on similar facts does not render obscenity statutes unconstitutional, nor does it create a right of reliance when other questionable material is exhibited. In *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973), the Court said at 26 and at n.9: "In resolving the inevitably sensitive questions of fact and law, we must continue to rely on the jury

system, accompanied by the safeguards that judges, rules of evidence, presumption of innocence, and other protective features provide, as we do with rape, murder, and a host of other offenses against society and its individual members.

"The mere fact juries may reach different conclusions as to the same material does not mean that constitutional rights are abridged. As this Court observed in *Roth v. United States*, 354 U.S., at 492 n. 30 [354 U.S. 476, 77 S. Ct. 1304, 1 L. Ed. 2d 1498 (1957)], 'it is common experience that different juries may reach different results under any criminal statute. That is one of the consequences we accept under our jury system. Cf. *Dunlop v. United States*, 165 U.S. 486, 499-500 [17 S. Ct. 375, 41 L. Ed. 799 (1897)].' "

In *Hamling v. United States*, 418 U.S. 87, 101, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974), the Court said: "It has, of course, long been the rule that consistency in verdicts or judgments of conviction is not required. *United States v. Dotterweich*, 320 U.S. 277, 279 [64 S. Ct. 134, 88 L. Ed. 48] (1943); *Dunn v. United States*, 284 U.S. 390, 393 [52 S. Ct. 189, 76 L. Ed. 356] (1932). 'The mere fact juries may reach different conclusions as to the same material does not mean that constitutional rights are abridged. As this Court observed in *Roth v. United States*, 354 U.S., at 492 n. 30, " 'it is common experience that different juries may reach different results under any criminal statute. That is one of the consequences we accept under our jury system. Cf. *Dunlop v. United States*, 165 U.S. 486, 499-500.' " ' *Miller v. California*, 413 U.S., at 26 n. 9. . . . If consistency in jury verdicts as to the obscenity *vel non* of identical materials is not constitutionally required, *Miller v. California*, *supra*, the same is true *a fortiori* of verdicts as to separate materials, regardless of their similarities."

Defendant's final contention is that its due process rights were violated because the State was not required to prove what the community standards were.

Defendant argues that the lack of proof of such standards resulted in a failure of proof as to that element of the offense.

In *State v. Tara Enterprises, Inc.*, 205 Neb. 516, 520-21, 288 N.W.2d 290, 293 (1980), this court stated: "Defendant next contends that the trial court erred in failing to find that the State had a burden to adduce evidence with reference to community standards on obscenity. The rule in this regard is well established. 'A juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a "reasonable" person in other areas of the law. Stone v. New York, C. & St. L. R. Co., 344 U.S. 407, 409 [97 L. Ed. 441, 73 S. Ct. 358] (1953); Schulz v. Pennsylvania R. Co., 350 U.S. 523, 525-526 [100 L. Ed. 668, 76 S. Ct. 608] (1956).' Hamling v. United States, 418 U.S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); Smith v. United States, 431 U.S. 291, 97 S. Ct. 1756, 52 L. Ed. 2d 324 (1977)."

In *Hamling v. United States*, supra at 100, the Court held that "[e]xpert testimony is not necessary to enable the jury to judge the obscenity of material which, as here, has been placed into evidence."

There being no error, the judgment is affirmed.

AFFIRMED.